UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 18-06153-jw |
| GRANGE SIMONS LUCAS, III, | STATEMENT OF DISPUTE |
| Debtor. | |

The undersigned hereby certifies that after consultation, the hearing on Objection to Confirmation of Plan and Motion to Dismiss, originally scheduled for July 12, 2019, at 10:00 a.m. after good faith efforts cannot be settled and remains contested so as to require the presentation of evidence and/or argument to the Court for determination. By entering into or filing this statement, the parties shall be limited to and bound by the positions provided herein. The following information is presented by way of stipulation of the parties:

1.  Issues to be decided by the Court.

    Whether confirmation of the plan should be denied and the case should be dismissed for Debtor's failure to properly treat court ordered support payments through the plan and failure to maintain post-petition support payments.

2.  Position of Party/Parties (state w/ specificity).

    *Debtor's position:*

    a.  Debtor has treated the past due support payments in the plan pursuant to the proof of claim filed with the court totaling $26,187.43. The total claim includes a judgment totaling $19,399.93 which has been addressed via lien avoidance in section 3.4 with the remaining difference of $6787.50 being addressed in section 4.4 to be paid over the life of the plan.

    b.  Debtor admits that he is is not making post-petition support payments. Since the initial Order for support was issued, Debtor has had many changes in circumstance including substantial change in employment, loss in income, and many health issues including a heart attack and most recently a stroke which occurred at the prior court hearing held in this case. All these matters led to the debtor seeking modification of the Order for support. Debtor has filed a motion in Charleston County Family Court to reduce or dismiss his payments to Karen

Ann Sickinger and believes he followed the court's instruction on the filing. This matter seems to be an issue for the Family court and not the Bankruptcy Court, to determine if he will remain obligated to pay. Further, the Family Court would have the authority to determine the amount of arrears, if any, Debtor will be obligated to pay. Debtor believes the Family court is the proper venue for determining this obligation.

c.       Debtor denies that he has made any attempt to delay or defraud the court and is making every attempt to propose an agreeable and feasible plan.

3.   Names of Witnesses to be called at the hearing.

*For the Debtor:*  Grange Simons Lucas, III

4.   Exhibits/Evidence to be presented (state whether admission is stipulated or any grounds for objection).

*For the Debtor:*
Modified Plan filed 5/8/19
Schedules, Amended Schedules, and all filings with the Court
Charleston County Family Court filings dated 2/27/19

5.   Statutory, Case Law or other Applicable Authority.

*For the Debtor:*
11 U.S.C. §1325

Chapter 13 Plan form language

6.   Estimated Length of Hearing.

15 minutes

7.   Telephone and Facsimile Number, Electronic Mail address of Counsel/Party/Parties.

*For the Movant:*
Sean Markham
Tel. (843) 284-3646
Fax (843) 637-7499
sean@markhamlawsc.com

*For the Debtor:*
Jason Moss
Tel. (803) 933-0202
Fax (803-726-9785
nataliem@mossattorneys.com

8.  <u>Final Authority.</u> Unless otherwise indicated by a separately filed motion, filed simultaneously herewith, which requests that the Court determine whether this proceeding is subject to the entry of final orders or judgments by this Court, **the parties submitting this Joint Statement of Dispute consent to this Court entering final orders and judgments in this proceeding**.


<u>/s/ Jason T. Moss</u>
Moss & Associates, Attorneys, P.A.
816 Elmwood Avenue
Columbia SC 29201
District Court I.D. # 7240